[No. 6069.]

KILLGORE v. CRANMER ET AL.

**Wills—Construction**—The testator, leaving a wife and five children, directed that his executors should have absolute power, in their discretion, to sell, lease or encumber all or any of his estate, real or personal, applying the proceeds to extinguish a mortgage upon a certain building named, and in their discretion to sell the building; that his estate should not be divided until the youngest child should arrive at a majority; that subject to these terms and conditions, and the "powers, duties, rights and authorities" of the executors he devised one-half of his estate to the widow, and the remainder in equal parts to his children, "said interests, however, to be received and become vested in them," at the majority of the youngest child then living. The widow accepted the terms of the will and elected to take under it. The executors accepted, qualified, and were acting. A conveyance by the widow of the undivided half of a particular parcel of land of which the testator died seized, before the youngest child arrived at a majority, passed no present right of possession.—(233)

*Appeal from Denver District Court*—Hon. N. WALTER DIXON, Judge.

Mr. BRANCH H. GILES, Mr. E. C. STIMSON, and Mr. LAWRENCE LEWIS, for appellant.

Mr. CHARLES J. HUGHES, Jr., Mr. GERALD HUGHES, and Mr. BARNWELL S. STUART, for appellees.

On December 2, 1890, William H. H. Cranmer of Denver, Colorado, died, in possession, and seized in fee, of the property herein in controversy. His sole surviving heirs were Martha J. Cranmer, widow, and five children. The deceased left a last will and testament, by the terms and provisions of which, among other things, it is declared:

"First: I do hereby appoint as the Executors of this my last Will and Testament, Martha J. Cranmer, my faithful and well-beloved wife, Henry M. Porter and Charles J. Hughes, Jr., all of the City of Denver, County of Arapahoe and State of Colorado, with all and singular the powers, rights and authorities herein set forth and such other and additional powers, rights and authorities not inconsistent with those hereby granted, as the law may in such cases confer.   *   *   *

"Third: I also hereby empower, authorize and direct that my said executors shall have the power to and are hereby directed to exercise the same, to sell and dispose of, lease or mortgage or incumber by deed of trust or by chattel mortgage on the personal property all or any such of my property, real, personal or mixed, wherever the same may be, as they may deem, and at such prices as they may deem satisfactory; it being my purpose, intention and will that my said executors shall have full power and discretion to sell and dispose, lease or mortgage or incumber with deeds of trust or in case of chattels

by chattel mortgage of any and all of my remaining property at such times and for such prices as in their judgment they may deem best, applying the proceeds thereof as rapidly as they may to the extinguishment of the debt and incumbrance upon my interest in said building at the Corner of Seventeenth and Curtis Streets in the City of Denver aforesaid, and to such other purposes in connection with the management of my said property as they may deem proper. * * *

"I further direct, will and provide that if at any time before my youngest child then living shall have reached its majority, my said executors shall deem it best for the interest of my said wife and children to sell the said building now being constructed at the corner of Curtis and Seventeenth Streets in the City of Denver, aforesaid, and the lots upon which the same is situate, then I hereby authorize, empower and direct them to sell and convey the same upon such terms as they may deem proper and best and after paying and discharging any indebtedness due from my said estate to loan the remainder of the money obtained from the sale of said property or to invest the same in such way as in their judgment they may deem best for the interest of my said wife and children. * * *

"Fourth: It is further my will that my said property shall not be divided until the youngest of my children shall become of age. But that after making provision for the payment of my indebtedness and the interest thereon, taxes, insurance and the expenses of my executorship, that the said money, the proceeds of my said property, shall from time to time be paid over to my wife, one-half and to my children, in equal parts of the remaining half for their maintenance and education; and I hereby appoint my wife Martha J. Cranmer, as the guardian

of the estate of my said children during their minority with full authority and power in her to receive from the executors of my estate herein appointed such sums of money as may herein or by law become payable to the said minor children.   *   *.   *

"Fifth:  It is my desire and earnest wish that my said wife Martha J. Cranmer shall accept of the terms of this will and take under the provisions thereof in order that my estate shall be held together and said building which I deem the best investment I may leave for my said wife and children, be kept undivided and for their benefit.   *   *   *

"Eighth:  It is my will and I here direct that subject to the terms and conditions of this my last will and testament and subject to the powers, duties, rights and authorities of my said executors as herein pointed out, that my said property shall go to and be vested in my said wife and children as follows:  One-half to my said wife and the equal undivided part of the remaining half to each of my said children, said interests however only to be received and to become vested in them upon the obtaining of its majority by the youngest of the children then living. *   *   *,,

On the 17th day of February, 1893, the widow, by warranty deed, conveyed to Frank P. Allen and George E. Crater, Jr., an undivided one-half interest in the property in dispute, which title, whatever it is, later, and on the 22nd day of July, 1896, passed, by mesne conveyances, to John B. Killgore.  On April 23, 1902, Killgore began this suit in the district court of the city and county of Denver for possession of that undivided one-half interest in the property so conveyed.  For a first answer the defendants, except Albert Smith and Albert Smith, trustee, who plead separately, denied each and every allegation of the complaint.  For a second answer they set forth in

substance, that William H. H. Cranmer died seized and in possession of the premises in question; that he left a last will and testament; that the same had been duly probated and passed to record in the will records of the proper county; that Martha J. Cranmer, the widow of the deceased, had elected to accept, and did accept, the terms and conditions thereof, and as widow took, as heir and devisee under its provisions; that letters testamentary thereunder issued to the executors named in the will; that they qualified as such, accepted the trust imposed thereby, and entered upon their duties as such executors and trustees; that the defendants Charles J. Hughes, Jr., and Martha J. Cranmer, the sole remaining and surviving executors and trustees under the will, are vested with title to all of the property, real and personal, including that in controversy, left by the defendant; that the youngest of the children left surviving had not yet attained her majority, which is admitted; that the estate has been, ever since the death of the deceased, and still is, under the terms and provisions of his last will and testament, in the course of administration; that the executors have not parted with the title to any of the property, real or personal, which the deceased left; and that the widow and children are in possession of the premises in controversy, under the right, title and possession of the defendants, Charles J. Hughes, Jr., and Martha J. Cranmer, as the sole remaining executors and trustees under the will. The defendants, Albert Smith and Albert Smith, trustee, claim title to this undivided one-half interest in controversy, through execution sale against Martha J. Cranmer and sheriff's deed thereunder, and that he is trustee for no one save himself, but as his rights are not involved in this appeal, in either capacity, they are neither discussed nor considered.

On May 10, 1906, trial was had to the court with a jury, and the court, among other things, at the close of plaintiff's case, made the following findings upon the pleadings and evidence, to wit:

"First: That if the plaintiff has shown any interest or title to the property in controversy, such interest or title will not enable him to maintain an action for possession during the lifetime of the trust created by the will of William H. H. Cranmer, offered in evidence, and that such trust has not yet expired;

"Second: That the action of the plaintiff is premature; and,

"Third: That the final disposition of this cause does not require determination or adjudication of the validity of any of the instruments offered in evidence by the plaintiff, nor of the interest or title of the plaintiff, if any, in and to the property in controversy, nor of the title or interest, if any, of the defendants Albert Smith and Albert Smith, Trustee."

Thereupon the court instructed a verdict in favor of the defendants, and upon such verdict, on motion of defendants, ordered and adjudged that the plaintiff was not entitled to maintain this action, and dismissed it. Plaintiff brings that judgment here for review.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The court below determined the single question, as to whether the deed from Martha J. Cranmer, even though valid and conveying title in fee, matters not passed upon by the trial court, or here, carried a present right of possession, in view of the provisions of the will and the evident purpose and intent, as therein and thereby expressed, of the testator.

The findings below in this behalf conform precisely to our views, respecting the construction of the will to this point, and we can do no better than adopt them as our own.

Whatever right, title or interest the parties to this suit have or claim, in and to the property in controversy, comes solely by, through and under the provisions of the will, nearly every paragraph of which breathes forth a fixed and settled purpose and intention on the part of deceased to keep his entire property intact, inviolate and undivided for years. By the terms of this instrument his purpose to leave the present possession and enjoyment of his entire estate in the hands of his executors is so manifest that none may, upon any ordinary or reasonable construction thereof, entertain the slightest doubt. The right to sell, lease, mortgage, manage and control all of the property of the testator, real or personal, is full and unrestricted, except only as to the block and lots at Seventeenth and Curtis streets, Denver, not here involved. Force and effect can be given such power and authority except only upon the theory that the present use and enjoyment be exclusively in the executors. By the express terms of the will it is specifically directed that the property shall not be divided until the youngest of the children of the testator shall have become of age. Further, always expressly subject to the terms and conditions of the will and to the powers, duties, rights and authorities of the executors thereof, the property is demised to the wife and the children, to the widow an undivided one-half, and the other one-half to the children in equal undivided parts; it is specifically provided that such interests shall not be received and shall not vest, until the youngest of the children then living shall have obtained its majority. Thus by this, the eighth paragraph of the will, the possession and en-

joyment in the heirs and devisees of all of the decedent's property, including that in suit, is clearly postponed to a future day, no matter what may be finally determined as to whether the fee vested immediately, upon which latter question we offer no opinion.

We have no hesitancy in declaring that, under the terms and provisions of the will, at the time of the commencement of this action and its trial, the right to the exclusive possession and enjoyment of the property in question was in the executors, and would so remain until the execution of the trust, when the youngest child obtained her majority. To hold otherwise would be to strip the executors of all power and authority to carry out the terms and provisions of that instrument definitely imposed. These terms and provisions are so specific to this end, that we regard citation of authorities, or further discussion, unnecessary, for to conclude, with absolute certainty, that plaintiff's action was premature, one has but to read and consider the terms and provisions of the will, giving them their obvious and common sense meaning. The judgment of the court in dismissing the action, because it was prematurely brought, was right, and is accordingly affirmed.      *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.

Rehearing denied July 5, A. D. 1910.